UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KHALIL R. ALJAMMI

v.  C.A. NO. 09-375 ML

A.T. WALL, ET AL.

## REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

Presently before the Court is a motion filed by plaintiff Khalil R. Aliammi, *pro se*, for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(2) (Docket #2). Plaintiff is a former inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island. He filed a complaint pursuant to 42 U.S.C. § 1983 ("§ 1983") against various ACI officials and employees claiming that defendants unlawfully confined him past the expiration of his criminal sentence (the "Complaint") (Docket # 1). This matter has been referred to me for determination; however, upon screening the Complaint, as required by 28 U.S.C. § 1915(e)(2) ("1915(e)(2)"), I have found that the Complaint is frivolous and/or fails to state a claim upon which relief may be granted. Therefore, I address this matter by way of this Report and Recommendation. For the reasons stated below, I recommend that the Complaint be DISMISSED and plaintiff's Motion for Leave to Proceed *In Forma Pauperis* be DENIED.

## BACKGROUND

The following background is based on allegations set forth in the Complaint Plaintiff, who is currently incarcerated in Massachusetts on an unrelated matter, was an inmate at the ACI who had been sentenced to twenty-five years in March 1983 (the "1983 Sentence"). He was credited with one year of jail time for time served and received an "up-front credit" of twelve days per month, for a total of 3,600 days (or nine years, ten months and ten days), of good time

1

on his twenty-five year sentence. Therefore, crediting the time served and subtracting good time, he was required to serve fifteen years, one month and twenty days commencing in March 1982.

After serving eleven years and six months, plaintiff was released on his first parole in September 1993. He returned to prison for a parole violation in June 1994, where he remained for an additional five years and one month until he was released on his second parole in July 1999. At the time of his second parole, plaintiff had been incarcerated for a total of sixteen years and seven months – allegedly one year and five months beyond the time he should have been released. Additionally, plaintiff alleges that he was held for three years on parole, from July 1999 until August 2002, and had a detainer lodged against him for five years, from August 2002 until September 2006. He urges that both the parole and detainer were unlawful because they occurred after the date his sentence should have expired.

Plaintiff claims generally that the defendants' actions or inactions resulted in the unlawful incarceration, parole and detainer, which violated plaintiff's rights under the Eighth and Fourteenth Amendments of the United States Constitution.

## DISCUSSION

### I. Screening Under § 1915(e)(2) and § 1915A

In connection with proceedings *in forma pauperis*, § 1915(e)(2) instructs the Court to dismiss a case at any time if the Court determines that the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A ("§ 1915A") directs courts to screen complaints filed by prisoners against a governmental entity, officer or employee and dismiss such claims for identical reasons. 28 U.S.C. § 1915A(b).

The issue in this case is whether plaintiff's complaint is frivolous and/or states claims for which relief may be granted. A claim is frivolous if it "lacks even an arguable basis in law" or

2

its factual allegations describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S.Ct. 1827 (1989). The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *See Courteau v. United States*, 287 F. App'x 159, 162 ($3^d$ Cir. 2008); *Pelumi v. Landry*, No. 08-107, 2008 WL 2660968, at *2 (D.R.I., June 30, 2008). In making this determination, the Court must accept plaintiff's allegations as true and construe them in the light most favorable to plaintiff, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal*, -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim for relief, a pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)); *see also Iqbal*, 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

## II. Barred by Favorable Determination Rule

Plaintiff contends that defendants unlawfully held him at the ACI, kept him on parole and lodged a detainer against him beyond the expiration of his 1983 Sentence. He is no longer incarcerated, on parole or under a detainer in connection with the 1983 Sentence; however, he seeks declaratory relief stating that his Constitutional rights were violated and money damages.

Importantly, plaintiff does not allege or provide any facts indicating that the incarceration, parole and/or detainer were declared invalid. As a result, his claim for declaratory relief and damages under § 1983 are barred by the "favorable termination" rule. The "favorable termination" rule prohibits § 1983 claims challenging the fact or duration of a conviction or

sentence unless the plaintiff shows that the conviction or sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994) ("in order to recover damages for allegedly unconstitutional ... imprisonment ..., a § 1983 plaintiff must prove that the conviction or sentence ... has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *see also Edwards v. Balisok*, 520 U.S. 641, 645-647, 117 S.Ct. 1584 (1997).

Here, plaintiff's claims that he was imprisoned and subject to parole and a detainer beyond the date he calculates his sentence should have expired attack the duration of his sentence, and thus are barred absent a showing that the sentence has been invalidated. Courts in the First Circuit, as well as several other circuits, have found that similar claims by prisoners, that they were confined beyond their rightful release dates, were not cognizable under § 1983 because the prisoners had not shown that the alleged excessive confinement had been invalidated. *See, e.g., Royal v. Durison*, 254 F. App'x 163, 165 ($3^d$ Cir. 2007); *Sutton v. New Jersey*, No. 09-0602, 2009 WL 482374, at *2-3 (D.N.J., Feb. 25, 2009); *Verrette v. Stalder*, No. 07-9202, 2009 WL 411196, at *2 (E.D.La., Feb. 13, 2009); *Chasse v. Merrill*, No. 04-56, 2004 WL 2185898, at *5 (D.Me., Sept. 24, 2004).

Additionally, the *Heck* favorable determination rule applies here even though plaintiff is no longer in a position to challenge the confinement. The applicability of Heck's favorable determination requirement to § 1983 plaintiffs who lack habeas options to vindicate their federal rights was questioned by the concurring and dissenting opinions in *Spencer v. Kemna*, 523 U.S. 1, 18-21, 118 S.Ct. 978 (1998), and a few circuits have carved out an exception to *Heck* in such cases. *See, e.g., Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 601 (6th Cir. 2007) (*Heck* did not foreclose § 1983 claim regarding confinement by prisoner who had been

precluded "as a matter of law" from seeking habeas redress because his prison sentence was only one day); *Huang v. Johnson*, 251 F.3d 65, 74-75 (2$^d$ Cir. 2001) (*Heck* did not bar released prisoner's § 1983 action).

However, the First Circuit has squarely held that there is no equitable exception to *Heck*'s favorable termination requirement. *Figueroa v. Rivera*, 147 F.3d 77, 81 (1st Cir. 1998) (*Heck* barred § 1983 claim of unconstitutional conviction by family of dead inmate whose habeas claim challenging the conviction had been terminated by his death despite any fundamental unfairness such ruling might impose); *see also Chasse*, 2004 WL 2185898 (§ 1983 challenge to miscalculation of sentence by released prisoner precluded by First Circuit's holding in *Figueroa*). The First Circuit reasoned that only the Supreme Court has the authority to overrule its own decisions, so, even though *Spencer* "may cast doubt upon the universality of *Heck*'s 'favorable termination' requirement," the circuit was bound to apply the precedent set forth in *Heck*. *Id.* at 81, n.3; *see also Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007); *Gilles v. Davis*, 427 F.3d 197, 209-210 (3$^d$ Cir. 2005). Therefore, even though plaintiff no longer has standing to challenge the allegedly unlawful incarceration, parole and/or detainer in a habeas corpus or state post-conviction relief action, as he has failed to show that his confinement was invalidated previously in such a proceeding, his instant claims regarding the same are not cognizable under § 1983 here.

## CONCLUSION

Plaintiff's § 1983 claims are barred by *Heck*'s favorable termination requirement, and, thus, the Complaint is frivolous and/or fails to state a claim for which relief may be granted. Accordingly, I recommend that the Complaint be DISMISSED pursuant to § 1915(e)(2) and § 1915A and plaintiff's instant Motion for Leave to Proceed *In Forma Pauperis* be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986)(*per curiam*); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
September 23, 2009