UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KHALIL R. ALJAMMI,
    Plaintiff,

v.                                                          C.A. No. 09-375

A.T. WALL, JAMES VIERRA,
RONALD BRULE, KIRK LAMBOY,
DEBBIE MORRETTI, ED ALLISON,
JANE DOE, JOHN DOE,
    Defendants.

## MEMORANDUM AND ORDER

This matter is before the Court on Khalil R. Aljimmi's ("Plaintiff") Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a)(2). Senior Magistrate Judge Hagopian screened the Complaint, as required by 28 U.S.C. § 1915(e)(2). The Magistrate Judge concluded that the Complaint is frivolous and/or fails to state a claim upon which relief may be granted, and therefore recommended that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* be denied and that the Complaint be dismissed.

This Court has reviewed the Report and Recommendation, Plaintiff's Objection, and the Complaint. This Court is mindful that Plaintiff is proceeding *pro se*; therefore, his pleadings are accorded a more generous reading. See Rodi v. S. New England Sch. of Law, 389 F.3d, 5, 13 (1st Cir. 2004). For the reasons set forth below, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is DENIED and the Complaint is DISMISSED.

### I. Overview

Plaintiff, a former inmate at the Adult Correctional Institution ("ACI"), filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983, alleging that he was unlawfully confined in the ACI

past the expiration of his sentence. In March of 1983, Plaintiff was sentenced to twenty-five years of incarceration. After crediting time served and subtracting good time, Plaintiff was required to serve fifteen years, one month and twenty days. Plaintiff alleges that he served one year and five months beyond the time he should have been released. Comp., ¶ 23. He also alleges that after his sentence expired, he was unlawfully held for three years on parole and had a detainer lodged against him for five years. Id. at ¶¶ 24, 25. Plaintiff requests a declaratory judgment that Defendants' acts were unconstitutional and an award of compensatory and punitive damages. Id. at ¶¶ A, B.

## II. Standard of Review

Under Fed. R. Civ. P. 72(b)(3), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Plaintiffs must identify specific factual findings or recommendations to which objections are being made. Velez-Padro v. Thermo King de Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006). "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." Id. Where the magistrate judge's disposition is properly objected to, the proper standard of review is de novo, but where the Plaintiff either fails to object or provides an insufficient conclusory objection, this Court need only review the Report and Recommendation for clear error. Espada-Santiago v. Hospital Episcopal San Lucas, Civil No. 07-2221(ADC), 2009 U.S. Dist. LEXIS 19840 (D.P.R. Mar. 11, 2009).

This court reviews Plaintiff's objections to the Report and Recommendation in light of

his *pro se* status and finds that the objections were sufficiently detailed. This Court, therefore, has conducted a de novo review of the Report and Recommendation.

### III. Analysis

Under 1915(e)(2), the court shall dismiss a case if it finds an action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The standard for dismissal of an action filed *in forma pauperis* is "identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6)." Pelumi v. Landry, Civil. No. 08-084ML, 2008 U.S. Dist. LEXIS 29133 (D.R.I. April 7, 2008) (citing Fridman v. City of N.Y., 195 F.Supp. 2d 534, 538 (S.D.N.Y. 2002). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

To recover for an allegedly unconstitutional conviction or imprisonment, the Plaintiff must show that there was a favorable termination to the underlying conviction. Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). This rule is often referred to as the 'Favorable Termination Rule.' See e.g. DeWitt v. Wall, 121 Fed. Appx. 398, 399 (1st Cir. 2004). In Heck, the Supreme Court held that "a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87.

While Plaintiff alleges that Defendants unlawfully held him at the ACI beyond the expiration of his sentence, he does not set forth plausible facts that his incarceration, parole or detainer were reversed, expunged, or declared invalid as required under Heck.[1] Comp., ¶¶¶ 23, 24, 25. Moreover, because Plaintiff is no longer incarcerated under that sentence, he lacks standing to obtain the necessary favorable termination status by succeeding on a habeas claim. See Figueroa v. Rivera, 147 F.3d 77, 80-81 (1st Cir. 1998)

Plaintiff argues that he is not challenging the underlying state court conviction, but only the length of his prison sentence. Plaintiff's Objection, at 1. This argument is unavailing in light of the Supreme Court's holding in Edwards v. Balisok, 520 U.S. 641, 646 (1997) – that a state prisoner's challenge to the validity of the length of confinement is treated like a challenge to the conviction itself. Plaintiff's claim, absent a showing of favorable termination or an applicable exception to that rule, is therefore barred by Heck.

Plaintiff contends that his claim should not be barred by the Heck decision because it falls under the Equitable Exception to the Favorable Termination Rule. Plaintiff's Objection, at 2. The applicability of Heck's Favorable Termination Rule to plaintiffs who are no longer in a position to challenge their confinement was called into question in Spencer v. Kemna, 523 U.S. 1 (1998). In Justice Souter's concurring opinion, he suggested an equitable exception whereby a former prisoner's §1983 claim would not be barred if his habeas petition was moot. Spencer, 523 U.S. at 21 (Souter, J., concurring, joined by O'Connor, J., Ginsburg, J., and Breyer, J.).

Over the past ten years, a circuit divide has emerged over the availability of the Equitable

---

[1] In Plaintiff's Objection to the Magistrate's Report and Recommendation, at 1 ("Plaintiff's Objection"), Plaintiff states that he was "granted constructive favorable resolution [termination] of the errant sentence 'structure' protocol by the State Supreme Court, by manner of Writ of Habeas Corpus (SU-06-0261)." This citation is not on record in the Rhode Island Supreme Court and is therefore determined to be unintelligible.

Exception to the Favorable Termination Rule. A majority of circuit courts, including the Second, Fourth, Sixth, Seventh, Ninth and Eleventh Circuits, have adopted the exception in some form. See Huang v. Johnson, 251 F.3d 65, 75 (2d Cir. 2001); Wilson v. Johnson, 535 F.3d 262, 267-68 (4th Cir. 2008); Powers v. Hamilton Country Pub. Def. Comm'n, 501 F.3d 592, 602 (6th Cir. 2007); Carr v. O'Leary, 167 F.3d 1124, 1127 (7th Cir. 1999); Nonnette v. Small, 316 F.3d 872, 876 (9th Cir. 2002); Harden v. Pataki, 320 F.3d 1289, 1302 (11th Cir. 2003). Conversely, several circuits have refrained from applying the Equitable Exception, and instead have held that a §1983 claimant must comply with Heck's Favorable Termination Requirement, even if habeas relief is unavailable to them. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007); Gilles v. Davis, 427 F.3d 197, 210 (3d Cir. 2005); Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2005); Figueroa, 147 F.3d at 81.

In Figueroa, the appellant filed a §1983 action on behalf of Rios, a convicted felon who died in prison before his habeas petition could be heard. 147 F.3d at 78-79. The First Circuit held that the Heck decision barred the appellant's §1983 suit because the appellant failed to satisfy the Favorable Termination Rule. Id. at 80-81. The Court explained that even though "dicta from concurring and dissenting opinions" from the Spencer decision "may cast doubt upon the universality of Heck's 'favorable termination' requirement," the Court was bound by Supreme Court precedent. Figueroa, 147 F.3d at 81 n.3. The Court noted that the Supreme Court has admonished "the lower federal court[s] to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave the Court 'the prerogative of overruling its own decisions.'" Id. (quoting Agostini v. Felton, 521 U.S. 203 (1997).

Several District Courts within the First Circuit have concluded that the Figueroa decision

adopted a "strict interpretation" of Heck. See Davis v. Schifone, 185 F. Supp.2d 95, 99 (D. Mass. 2002); Chasse v. Merrill, Civil No. 04-56, 2004 WL 2185898 (D. Me. Sept. 24, 2009). In Davis, the court noted that while "the contours of the Court's decision in Heck may have caused disagreement in the lower courts," the First Circuit "has refused to adopt this rationale." Davis, 185 F. Supp.2d at 99-100; see also Chasse, 2004 WL at 4 (declining to apply the Equitable Exception because the Figueroa Footnote Three was of "determinative importance for this court's treatment.").[2]

This Court too is bound by First Circuit precedent. Plaintiff does not allege favorable termination of his incarceration, parole and/or detainer. Accordingly, his §1983 claim is barred by the Heck Favorable Termination Rule, thus rendering the Complaint lacking "an arguable basis in either law or fact." See Neitzke, 490 U.S. at 328.

## IV. Conclusion

For the reasons set forth above, this Court adopts the Report and Recommendation in its entirety. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* is DENIED and the Complaint is DISMISSED.

SO ORDERED.

Mary M. Lisi
Chief United States District Judge
October 30, 2009

---

[2] Plaintiff relies on Limone v. United States, where the court found "unique factual circumstances" to find that the Favorable Termination Rule was satisfied under the theory of constructive reversal, because of specific government wrongdoing that "denied access to post-conviction remedies." 271 F. Supp.2d 345, 360-61 (D. Mass. 2003). That case is distinguishable from the case at bar because Plaintiff does not allege that governmental misconduct prevented him from filing a habeas petition under 28 U.S.C. § 2254.